OPINION
{¶ 1} Defendant-appellant Paul Ober appeals from an order of the trial court revoking a community control sanction imposed with respect to his conviction on five counts of Sexual Battery. Ober contends that the trial court erred by ordering him subject to post-release control when he is ultimately released from incarceration, that the trial court abused its discretion by denying him jail-time credit for the time he spent under court-ordered house arrest, and that the trial court erred by classifying him as a sexual predator, without Ober being present.
 {¶ 2} We conclude that the trial court was without authority to order Ober subject to post-release control following his incarceration; therefore, to the extent, if any, that the trial court's entry purports to do so, it is modified. We conclude that the trial court did not err in denying Ober jail-time credit for the time he spent under court-ordered house arrest. Finally, we conclude that Ober has not filed a timely notice of appeal from the order classifying him as a sexual predator, which was entered more than five years before the order from which this appeal is taken.
 {¶ 3} To the extent that the order of the trial court may be construed as purporting to impose post-release control following Ober's incarceration, it is modified by deleting that portion of the order. In all other respects, the order from which this appeal is taken is affirmed.
 I {¶ 4} In 1997, Ober pled guilty to five counts of Sexual Battery. He was sentenced to two years incarceration on each count, with four of those sentences being consecutive, and one sentence being concurrent with the other four, making a total sentence of incarceration for eight years. Ober was also fined $250.
 {¶ 5} In July, 1998, the trial court entered an order determining Ober to be a sexual predator.
 {¶ 6} After Ober had served a portion of his eight-year sentence, the trial court granted his motion for shock probation, for a period of five years. Ober's probation was subject to a number of conditions, including that he not have juvenile females in his presence, that he have no contact with the victims, and that he live with his parents. The terms of Ober's probation were modified as the result of a 2002 hearing on allegations that Ober had violated the conditions of his probation. Pursuant to that order, rendered October 17, 2002, Ober was "returned to probation on house arrest. Defendant may not leave the residence of his parents unless in the immediate presence of his mother and then he can only leave the residence for church or grocery shopping purposes with his mother.
 {¶ 7} "If defendant would choose to obtain greater freedom of movement than the restrictions set forth above, he must draft a proposal for his requests and submit the same to the probation officer. The probation officer will then meet with the Court and the Court will then determine whether there will be expansion of conditions."
 {¶ 8} The trial court also increased Ober's jail-time credit from 33 days to 55 days, reflecting time spent in custody following the allegations that he had violated his probation conditions.
 {¶ 9} Another hearing, denominated as a "community control violation merits hearing," was held on July 25, 2003. At that hearing, Ober admitted that he had violated the conditions of his probation. In the order from which this appeal is taken, filed October 11, 2003, the trial court re-imposed the original eight-year sentence. The entry provided that credit for prison time served would be "figured by the Bureau of Sentencing Computation." The entry provided for jail-time credit totaling fifty-five days as of October 17, 2002, with the direction that Ober would receive additional jail-time credit pending his delivery to the institution. The entry also contained the following paragraph:
 {¶ 10} "After release from prison, Defendant is ordered to be subject to post-release control for a maximum of five (5) years, all subject to Parole Board determination, according to law."
 {¶ 11} From the order of the trial court filed August 11, 2003, Ober appeals.
 II {¶ 12} Ober's First Assignment of Error is as follows:
 {¶ 13} "The trial court abused its discretion by ordering defendant-appellant to be subject to post-release control for a maximum of five (5) years after defendant-appellant's release from prison."
 {¶ 14} The State acknowledges that the trial court cannot impose post-release control, while acknowledging confusion as to whether a person, like Ober, who has committed an offense before the enactment of Am. Sub. S.B. 2 (146 Ohio Laws, Part V), is subject to the imposition of post-release control by the Ohio Adult Parole Authority. The State contends that the trial court did not purport, in its order, to impose post-release control, but was merely advising Ober of the possibility that he might be subject to post-release control.
 {¶ 15} The paragraph in the trial court's order quoted in Part I, above, might be construed as purporting to impose post-release control following Ober's release from prison. To that extent, the order is modified to reflect that no post-release control is presently being imposed, that not being within the authority of the trial court to order. We agree with the State that it is premature for us to determine whether the Ohio Adult Parole Authority would have the power to impose post-release control, following Ober's release from prison.
 {¶ 16} Ober's First Assignment of Error is sustained, in part.
 III {¶ 17} Ober's Second Assignment of Error is as follows:
 {¶ 18} "The trial court abused its discretion by denying defendant-appellant jail time credit for time defendant spent under court ordered house arrest."
 {¶ 19} For at least a time following the trial court's order of October 17, 2002, modifying the conditions of Ober's probation, Ober was subject to house arrest. Ober contends that the time he spent in house arrest should be deemed to be time when he "was confined" for purposes of R.C. 2967.191, as it existed at the time he committed these offenses, which required the Ohio Adult Parole Authority to reduce a prisoner's minimum and maximum sentence, or his definite sentence, by the total number of days that the prisoner "was confined" for any reason arising out of the offense for which he was convicted and sentenced.
 {¶ 20} The State directs our attention to State v. Nagle (1986),23 Ohio St.3d 185, in which it was held that the time a probationer served in a rehabilitation facility did not constitute confinement for purposes of jail-time credit. The Supreme Court concluded that the defendant in that case was not confined, because he was free to leave of his own volition, even though that would constitute a violation of his probation conditions. We agree with the State that Ober's situation — house arrest — was less restrictive, or at least no more restrictive, than the situation of the defendant in State v. Nagle, supra.
Consequently, we agree with the State that Ober was not "confined," for purposes of computing the jail-time credit, while he was subject to house arrest as a condition of probation.
 {¶ 21} Ober's Second Assignment of Error is overruled.
 IV {¶ 22} Ober's Third Assignment of Error is as follows:
 {¶ 23} "The trial court abused its discretion by determining defendant-appellant a se xual predator without the defendant-appellant present."
 {¶ 24} As the State points out, the order classifying Ober a sexual predator was entered July 14, 1998. The notice of appeal herein was filed on September 8, 2003, and purports to be a notice of appeal from the order entered in the trial court on August 11, 2003. Consequently, we agree with the State that Ober's sexual predator classification is not within the scope of this appeal.
 {¶ 25} Ober's Third Assignment of Error is overruled.
 V {¶ 26} Ober's First Assignment of Error having been sustained in part, and his other assignments of error having been overruled, the order of the trial court rendered herein on August 11, 2003, is modified by clarifying that no post-release control is being imposed by the trial court. As modified, the order of the trial court is affirmed.
Wolff and Grady, JJ., concur.