OPINION
{¶ 1} In these consolidated cases, defendant-appellant, Michael W. Slager, appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas and a judgment denying his motions for correction of jail-time credit. For the following reasons, we affirm.
 {¶ 2} On March 30, 2007, a Franklin County Grand Jury indicted appellant in case No. 07CR-2358 with one count of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331. Days later, a Franklin County Grand Jury indicted *Page 2 
appellant in case No. 07CR-2407 with one count of failure to provide notice of change of address in violation of R.C. 2950.05. Appellant entered not guilty pleas in both cases.
 {¶ 3} Subsequently, a Delaware County Grand Jury indicted appellant with multiple offenses unrelated to the Franklin County cases. The indictment alleged, among other charges, multiple counts of theft, breaking and entering, and receiving stolen property. The conduct apparently occurred in July 2007.
 {¶ 4} On April 22, 2008, appellant withdrew his not guilty pleas in the Franklin County cases and entered guilty pleas in both cases. While discussing the cases with the trial court on the record, appellant informed the court that he had also agreed to a resolution of his Delaware County case. The trial court told appellant that it would have no problem ordering any sentences it imposed to be served concurrently with whatever sentence appellant received in the Delaware County case. The trial court postponed appellant's sentencing until June 10, 2008 to await appellant's sentencing in Delaware County.
 {¶ 5} On May 29, 2008, appellant entered a no contest plea to one count of theft and a guilty plea to three counts of receiving stolen property and one count of theft in the Delaware County case. The Delaware County court sentenced appellant to prison for a total of 51 months.
 {¶ 6} On June 10, 2008, the Franklin County Court of Common Pleas sentenced appellant to prison for five years in case No. 07CR-2358 and two years in case No. 07CR-2407. The trial court ordered the sentences be served consecutively for a total of seven years. The trial court also ordered that the sentences be served concurrently with his prison term in the Delaware County case. Finally, the trial court gave appellant 273 days of jail-time credit in both of the Franklin County cases. Appellant did not object. *Page 3 
Ultimately, the Ohio Department of Rehabilitation and Correction provided appellant with 278 days of jail-time credit.
 {¶ 7} On July 9, 2008, appellant filed a pro se notice of appeal from the trial court's sentencing entries. The next day, he filed pro se motions for the trial court to correct its award of jail-time credit. In those motions, appellant alleged he was entitled to 346 days of jail-time credit. The trial court denied appellant's motions in a judgment entry dated July 21, 2008. On August 18, 2008, appellant filed a second notice appeal from the trial court's July 21, 2008 entry. This court granted appellant's request to consolidate the appeals.
 {¶ 8} Appellant appeals and assigns the following errors:
 [1.] The trial court erred by imposing a sentence that contravened the sentence previously agreed upon by the court and the parties.
 [2.] The trial court erred in its calculation of jail time credit.
 {¶ 9} Appellant contends in his first assignment of error that the trial court's imposition of consecutive sentences breached its agreement to impose concurrent sentences. We disagree.
 {¶ 10} During plea negotiations in the Franklin County court, the issue of appellant's Delaware County case arose. Appellant told the trial court that the Delaware County court indicated he could have some time before sentencing to put his life in order. He requested the same reprieve from the trial court. The trial court declined appellant's request:
 Mr. Slager, let me just stop you right now. Your 30 days you're requesting is not going to be part of this deal. If that's part of your Delaware deal, that's part of your Delaware deal. This Court's already gone beyond its generosity in trying to work with you and with this deal, and you got the offer from * * * your attorney, go back and discuss it with him. But that's *Page 4 
where the Court is with being — deferring your sentence, waiting to see what happens up in Delaware, running everything concurrent.
(Tr. 42; emphasis added).
 {¶ 11} Appellant claims that the italicized portion of the trial court's statement indicates its agreement to impose concurrent sentences in the Franklin County cases. We disagree. When read as a whole, the statement is an indication that the trial court would postpone its sentencing until the Delaware County court sentenced appellant and that it would order its sentences to be served concurrently with whatever sentences the Delaware County court imposed. In fact, the trial court stated at least two other times on the record that it would order its sentences to be served concurrently with the Delaware County sentence. The trial court never indicated or promised that the sentences it would impose would run concurrent to each other.
 {¶ 12} Moreover, appellant signed a guilty plea form which indicated that the trial court would "consider concurrent time to Delaware Co." (Emphasis sic). The form did not indicate any consideration of concurrent sentences in the Franklin County cases. Finally, at sentencing, appellant's counsel asked the trial court to impose sentences concurrent to the Delaware County sentence and reminded the court of the notation on appellant's guilty plea form that the court would consider a concurrent sentence with the Delaware County sentence. Appellant did not object or indicate a different understanding.
 {¶ 13} Appellant has not demonstrated that the trial court agreed to impose concurrent sentences in the Franklin County cases. The trial court did not breach any agreement by imposing consecutive sentences. Therefore, we overrule appellant's first assignment of error. *Page 5 
 {¶ 14} Appellant contends in his second assignment of error that the trial court erroneously calculated his jail-time credit. Appellant received a total of 278 days jail-time credit. Although he claimed he was entitled to 346 days of jail-time credit in the trial court, he now claims that he is entitled to 328 days.
 {¶ 15} Jail-time credit is prescribed by R.C. 2967.191, which provides, in part:
 The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term.
 {¶ 16} Appellant did not object to the award of jail-time credit at sentencing. Because he failed to object, he has forfeited all but plain error for purposes of appeal. State v. Hunter, 10th Dist. No. 08AP-183,2008-Ohio-6962, ¶ 16; State v. Miller, 4th Dist. No. 07CA2,2007-Ohio-5931, ¶ 14.[1]
 {¶ 17} Under Crim. R. 52(B), plain errors affecting substantial rights may be noticed by an appellate court even though they were not brought to the attention of the trial court. To constitute plain error, there must be: (1) an error, i.e., a deviation from a legal rule, (2) that is plain or obvious, and (3) that affected substantial rights. State v.Barnes (2002), 94 Ohio St.3d 21, 27. Even if an error satisfies these prongs, appellate courts are not required to correct the error. Appellate courts retain discretion to correct plain errors. Id.;State v. Litreal, 170 Ohio App.3d 670, 2006-Ohio-5416, ¶ 12. Courts are to notice plain *Page 6 
error under Crim. R. 52(B) "`with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'"Barnes, quoting State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
 {¶ 18} The trial court awarded appellant 273 days of jail-time credit, and the Ohio Department of Rehabilitation and Correction added 5 days for the time appellant spent in jail after he was sentenced, for a total of 278 days of jail-time credit. Appellant now claims he is entitled to 328 days of jail-time credit. Two disputed periods of time account for the difference between the number of days appellant received and the number of days he alleges he should have received: (1) March 14, 2007 through March 23, 2007; and (2) March 23, 2007 through May 30, 2007.
 {¶ 19} The first disputed period of time is ten days appellant apparently spent in a hospital recovering from injuries he sustained after he crashed his vehicle into a school bus while attempting to flee from the police. Appellant alleges that he was under arrest while in the hospital and, therefore, was confined for purposes of R.C. 2967.191. We disagree.
 {¶ 20} The Supreme Court of Ohio has concluded that "confinement" requires such a restraint on the defendant's freedom of movement that he cannot leave official custody of his own volition. State v. Nagle
(1986), 23 Ohio St.3d 185, 186-87. See also State v. Snowder,87 Ohio St.3d 335, 337, 1999-Ohio-135 (time spent in "`secure facility that contains lockups and other measures sufficient to ensure the safety of the surrounding community'" was confinement).
 {¶ 21} Appellant's stay in a hospital for treatment of his injuries does not constitute confinement for purposes of R.C. 2967.191. A hospital is generally not the type of secure facility envisioned bySnowder. More importantly, there is no indication in this record that *Page 7 
appellant was guarded, confined, or restrained during his hospitalization. Although appellant contends that he was placed under arrest at the hospital, evidence in the record indicates that he was not arrested until March 23, 2007, which is the day he was discharged from the hospital.
 {¶ 22} Reviewing very similar facts, the court in State v.Cochran (Dec. 6, 1996), 4th Dist. No. 95CA876, rejected a request for jail-time credit for time spent in a hospital. The Cochran court declined to count time spent in a hospital as jail-time credit, noting in part that the defendant was only arrested after he left the hospital and that the police did not exert any control over him while in the hospital.
 {¶ 23} Here, because appellant was not arrested while he was in the hospital and because the record does not indicate that appellant was confined during his hospital stay, the trial court did not err by declining to award jail-time credit for the ten days appellant spent in a hospital.
 {¶ 24} The second disputed period of time is from March 23, 2007 through May 30, 2007. According to the trial court's pre-sentence investigation ("PSI"), the trial court granted jail-time credit from May 2, 2007 through May 30, 2007 (29 days). The trial court did not award jail-time credit from March 23, 2007 through May 1, 2007 (40 days). The PSI indicates that appellant received jail-time credit for these 40 days in two separate municipal court cases. Appellant argues that he should also have received jail-time credit for these 40 days in the instant cases.
 {¶ 25} R.C. 2967.191 authorizes jail-time credit for "the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced * * *." Therefore, R.C. 2967.191 requires a connection between the jail-time confinement and the offense upon which the defendant *Page 8 
is convicted. Hunter, at ¶ 17. It is the duty of the defendant to show an error in the jail-time credit calculation. Id., citing State v.Evans, 2nd Dist. No. 21751, 2007-Ohio-4892, ¶ 13. If the defendant fails to demonstrate error, and no miscalculation in the jail-time credit is apparent from the record, any claimed error must be overruled.Hunter, at ¶ 17.
 {¶ 26} Here, the record does not clearly indicate why appellant was incarcerated during the disputed 40-day period. The PSI states that appellant received jail-time credit for these 40 days in two municipal court cases, which suggests that appellant was confined during this period on those charges. Appellant has not demonstrated that he was confined during this period for the charges in the cases before us. Therefore, we cannot conclude that the trial court committed plain error in its calculation of appellant's jail-time credit. Accordingly, we overrule appellant's second assignment of error.
 {¶ 27} In conclusion, we overrule appellant's two assignments of error, and affirm the judgments of the Franklin County Court of Common Pleas.
Judgments affirmed.
BRYANT and SADLER, JJ., concur.
[1] Because this is appellant's direct appeal from his conviction, we reject the State's claim that this argument is barred by res judicata. See State v. Lomack, 10th Dist. No. 04AP-648, 2005-Ohio-2716, ¶ 11;State ex rel Rankin v. Ohio Adult Parole Auth., 98 Ohio St.3d 476,2003-Ohio-2061, ¶ 10 ("Alleged errors regarding jail-time credit * * * may be raised by way of the defendant's direct appeal of his criminal case.") *Page 1