The STATE of Ohio, Appellee,

v.

BLANKENSHIP, Appellant.

[Cite as *State v. Blankenship*, 192 Ohio App.3d 639, 2011-Ohio-1601.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 10AP–651.

Decided March 31, 2011.

Ron O'Brien, Franklin County Prosecuting Attorney, and John H. Cousins IV, Assistant Prosecuting Attorney, for appellee.

Yeura R. Venters, Franklin County Public Defender, and John W. Keeling, for appellant.

---

DORRIAN, Judge.

{¶ 1} Defendant-appellant, Anthony Blankenship, appeals from a judgment of the Franklin County Court of Common Pleas revoking his probation and imposing the balance of his original jail sentence for a conviction of misdemeanor theft. For the reasons that follow, we affirm in part and reverse in part.

{¶ 2} On November 20, 2008, appellant pleaded guilty to one count of theft, a first-degree misdemeanor, in violation of R.C. 2913.02. The trial court sentenced appellant to 180 days in jail and suspended the jail days, placing appellant on probation for one year. The conditions of his probation included obtaining employment, paying restitution, and completing an anger-management class. In June 2009, appellant stopped reporting to his probation officer. Subsequently, appellant was declared to be an absconder and his probation was suspended. On March 31, 2010, following an administrative hearing, the court restored appellant's probation, imposing a 90–day term of electronically monitored house arrest ("EMHA") and extending the probation for one year. On May 21, 2010, appellant violated the EMHA. He also failed to complete other conditions of his probation. On June 25, 2010, the trial court conducted a hearing on the probation department's request to revoke appellant's probation. At the hearing, appellant argued that if his probation was revoked and the jail sentence was reimposed, he was entitled to time-served credit against the jail sentence for 50 days spent under EMHA. Appellant also argued that he was entitled to credit for 90 days of actual time spent in jail related to the theft conviction and that the probation department had miscalculated in asserting that he was entitled to credit for only 81 days spent in jail. The trial court revoked appellant's probation, reimposed the 180–day jail sentence, and ordered that appellant was entitled to receive time-served credit of 81 days for the time he spent in jail. No credit was given for the time appellant spent under EMHA.

{¶ 3} Appellant appeals, setting forth the following two assignments of error for the court's review:

ASSIGNMENT OF ERROR NUMBER ONE

The trial court erred by not crediting the time the defendant was sentenced to electronically monitored house arrest toward the maximum jail sentence that it imposed upon the defendant because house arrest is defined as confinement and detention by the Revised Code and the courts are obligated to credit the amount of time a defendant is confined "for any reason arising out of the offense for which the person was convicted and sentenced" towards the sentence imposed upon an offender.

ASSIGNMENT OF ERROR NUMBER TWO

The trial court erred when it failed to correct an obvious clerical error in the calculation of the time that the defendant spent in pretrial detention.

{¶ 4} Appellant's first assignment of error asserts that when the trial court revoked his probation, it should have given credit against his jail term for the time he spent under EMHA.

{¶ 5} Generally, an appellate court will not overturn the sentence imposed on a misdemeanor offender absent an abuse of discretion by the trial court. See *Columbus v. Repine*, 10th Dist. No. 07AP–250, 2007-Ohio-5015, 2007 WL 2773839, ¶ 19 (French, J., concurring). However, the essence of appellant's first assignment of error involves a dispute over the proper application of R.C. 2949.08(C). " 'When an appellate court is called upon to review a trial court's interpretation and application of a statute, the "appellate court conducts a de novo review, without deference to the trial court's determination." ' " *State v. Willig*, 10th Dist. No. 09AP–925, 2010-Ohio-2560, 2010 WL 2298840, ¶ 14, quoting *McGeehan v. State Bur. of Workers' Comp.* (Dec. 28, 2000), 10th Dist. No. 00AP–648, 2000 WL 1877586, quoting *State v. Sufronko* (1995), 105 Ohio App.3d 504, 506, 664 N.E.2d 596.

{¶ 6} In imposing a sentence for a misdemeanor offense, a trial court is "guided by the overriding purposes of misdemeanor sentencing," which are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21(A). The sentencing court "has discretion to determine the most effective way to achieve" these purposes. R.C. 2929.22(A). Unless a specific sanction is required, the court may sentence an offender to a jail term, community-control sanctions, or both. R.C. 2929.25(A)(1). The range of available community-control sanctions includes residential sanctions, such as a term in a halfway house; nonresidential sanctions, such as a period of house arrest; and financial sanctions, such as restitution. R.C. 2929.26 to 2929.28. The total time of all community-control sanctions imposed for a misdemeanor offense may not exceed

five years. R.C. 2929.25(A)(2). If an offender violates a community-control sanction, the court may impose a longer time under that community-control sanction, a more restrictive community-control sanction, or a combination of community-control sanctions, including a jail term. R.C. 2929.25(C)(2).

{¶ 7} "House arrest" is defined as "a period of confinement of an offender that is in the offender's home or in other premises specified by the sentencing court" during which the offender is required to remain in the home except when authorized to leave for employment or other designated purposes. R.C. 2929.01(P). The offender is required to periodically report to a designated person and may be subject to other restrictions or conditions. Id. Electronic monitoring involves the use of an electronic device to monitor and determine an individual's location. R.C. 2929.01(TT) and (UU).

{¶ 8} Ohio law provides that when a person is sentenced to jail for a felony or misdemeanor offense, his sentence shall be reduced "by the total number of days the person was confined for any reason arising out of the offense for which the person was convicted and sentenced." R.C. 2949.08(C)(1). Appellant argues that because the law defines house arrest as "a period of confinement," time served in postconviction EMHA qualifies for a reduction of his jail sentence under R.C. 2949.08(C)(1).

{¶ 9} The term "confinement" is not separately defined under R.C. 2929.01. However, the fact that house arrest is defined using the term "confinement" does not necessarily mean that it qualifies for time-served credit under R.C. 2949.08(C)(1). "[W]here two statutes do not expressly state that the word has the same meaning in both, it is apparent that it might have different meanings." *State v. Dickinson* (1971), 28 Ohio St.2d 65, 70, 57 O.O.2d 255, 275 N.E.2d 599.

{¶ 10} It is clear that house arrest does not always qualify as "confinement." This court has previously held that time served under EMHA as a condition of bail prior to sentencing cannot be credited toward a jail sentence. *State v. Furlong* (Feb. 6, 2001), 10th Dist. No. 00AP–637, 2001 WL 95870, citing *State v. Holt* (May 12, 2000), 2d Dist. No. 18035, 2000 WL 569930. Similarly, the Supreme Court of Ohio has held that pretrial EMHA as a condition of bond "does not constitute detention." *State v. Gapen*, 104 Ohio St.3d 358, 2004-Ohio-6548, 819 N.E.2d 1047, ¶ 72; see also *State v. Sutton*, 6th Dist. No. L–03–1104, 2004-Ohio-2679, 2004 WL 1171149, ¶ 16.[1] Appellant concedes that pretrial EMHA as a

---

1. "Detention" is defined in R.C. 2921.01(E) and is relevant to the crime of escape, prohibited under R.C. 2921.34. Some courts have determined that "confinement" has the same meaning as "detention." See *State v. Faulkner* (1995), 102 Ohio App.3d 602, 604, 657 N.E.2d 602.

condition of bail is not confinement for purposes of calculating time-served credit, but he seeks to distinguish these cases by arguing that a person can refuse pretrial EMHA as a condition of bail and choose to remain in jail awaiting trial but cannot refuse EMHA when it is imposed as part of a postconviction sentence. Therefore, appellant argues, postconviction EMHA as a condition of a sentence is different in nature and should qualify for time-served credit.

{¶ 11} The case before this court involves a misdemeanor offender and the application of the time-served-credit provision of R.C. 2949.08(C)(1). Our holding is accordingly limited to these circumstances. We note, however, that much of the existing case law regarding credit for time served arises in the context of felony offenses. We also note that some of these cases involve application of the time-served credit provision of R.C. 2967.191. In relevant part, R.C. 2949.08(C)(1) and 2967.191 contain nearly identical language. Therefore, we find that the analysis, reasoning, and conclusions of these cases may be analogous to the matter before us. With this in mind, we begin our analysis with a discussion of two decisions of the Supreme Court of Ohio evaluating whether other forms of restrictions on offenders qualified for time-served credit.

{¶ 12} In *State v. Nagle* (1986), 23 Ohio St.3d 185, 23 OBR 348, 492 N.E.2d 158, the Supreme Court of Ohio considered whether time spent in a residential rehabilitation facility as a condition of probation constituted confinement under R.C. 2949.08(C). The defendant in *Nagle* pleaded guilty to felonious assault; he was given a suspended jail sentence and placed on conditional probation. One of the conditions of his probation was spending 18 months at an out-of-state rehabilitation facility. After less than two months, the defendant left the rehabilitation facility, returned to Ohio, and turned himself in to authorities. Id. At a subsequent probation-revocation hearing, the trial court terminated the defendant's probation and reimposed the original jail sentence. The court of appeals held that the trial court erred by not giving the defendant credit under R.C. 2949.08(C) for the time he spent in the rehabilitation facility. Id. at 186. The Supreme Court reversed the court of appeals and reinstated the original sentence, holding that the trial court was not required to give credit against the jail term for time spent in the rehabilitation facility. Id. at 188. Central to this holding was the Supreme Court's observation that "in none of [the examples of confinement under R.C. 2949.08(C) ] may the defendant leave official custody of his own volition." Id. at 186. By contrast, although the rehabilitation facility imposed restrictions on the defendant's freedom of communication with those outside the facility, "[his] freedom of movement was not so severely restrained,

---

While we acknowledge these decisions, they are not binding on this court, and we need not reach the issue whether "confinement" and "detention" are synonymous.

*i.e.,* he indeed did voluntarily depart the facility." Id. at 187. Therefore, time spent in this residential rehabilitation facility as a condition of postconviction probation was not a form of "confinement" eligible for time-served credit under R.C. 2949.08(C).

{¶ 13} By contrast, in *State v. Napier* (2001), 93 Ohio St.3d 646, 758 N.E.2d 1127, the Supreme Court of Ohio concluded that time spent in a community-based correctional facility constituted confinement under R.C. 2967.191. That case involved a defendant who pleaded guilty to felony drug possession and was sentenced to three years of community-control sanctions, including evaluation and treatment at a residential community-based correctional facility. Id. at 649. After the defendant violated his community-control sanctions, the trial court imposed an eight-month prison sentence, and the defendant claimed he was entitled to credit for 110 days spent at the community-based correctional facility. The trial court granted the defendant credit for only the first 30 days at the facility when he was in a "lockdown" status and not permitted to leave the facility. Id. at 647. The Supreme Court reversed the trial court's determination, holding that the defendant was entitled to credit for all of the time spent at the facility. The Supreme Court noted that although the defendant could leave the facility after the "lockdown" period, his ability to leave was subject to requesting permission and submitting a detailed written description of when he was leaving the facility, where he was going, and when he planned to return. Because the defendant was not free to come and go as he wished and "was subject to the control of the staff regarding personal liberties," the defendant's time in the community-based correctional facility constituted "confinement" for purposes of R.C. 2967.191. Id. at 648.

{¶ 14} Consistent with the reasoning of these decisions, this court has previously noted that " 'confinement' requires such a restraint on the defendant's freedom of movement that he cannot leave official custody of his own volition." *State v. Slager,* 10th Dist. No. 08AP–581, 2009-Ohio-1804, 2009 WL 1027182, ¶ 20. In *Slager,* the court concluded that pre-arrest hospitalization for treatment of injuries sustained while fleeing the police did not constitute confinement for purposes of R.C. 2967.191. Id. at ¶ 21. The court stated that a hospital is not the type of secure facility that would give rise to confinement. Further, the defendant was not guarded, confined, or restrained while in the hospital, and he was not placed under arrest until the day he was discharged from the hospital. Id. The court therefore determined that the defendant was not entitled to credit for time served for his pre-arrest hospital stay.

{¶ 15} The Second District Court of Appeals considered a case similar to the present appeal in *State v. Ober,* 2d Dist. No. 2003–CA–27, 2004-Ohio-3568, 2004 WL 1506127. The defendant in that case was convicted of five counts of sexual

battery, served a portion of his original jail sentence, and then was released on probation. After violating his probation, the terms of probation were modified, and he was placed on house arrest. Id. at ¶ 6. When the defendant once again violated his probation, his original jail sentence was reimposed. The defendant argued that under R.C. 2967.191, he was entitled to time-served credit for the period he spent under house arrest before violating his probation a second time. Id. at ¶ 19. The court of appeals concluded that the defendant's house arrest "was less restrictive, or at least no more restrictive, than the situation of the defendant in *State v. Nagle.*" Id. at ¶ 20. Therefore, while under house arrest, the defendant had not been confined for purposes of R.C. 2967.191.

{¶ 16} The order imposing EMHA on appellant indicates that he was permitted to leave his home for both anger-management treatment and employment. Moreover, like the defendant in *Nagle,* appellant was apparently able to leave the home of his own volition, because he must have done so to violate the terms of his EMHA. The fact that he faced possible consequences for choosing to violate his EMHA did not transform the EMHA into a condition imposing "such a restraint on [his] freedom of movement that he [could not] leave official custody of his own volition." *Slager* at ¶ 20, citing *Nagle,* 23 Ohio St.3d at 186–187, 23 OBR 348, 492 N.E.2d 158.

{¶ 17} In addition to case law supporting a finding that EMHA does not constitute confinement for purposes of R.C. 2949.08(C), statutory analysis also supports this conclusion. In construing a statute, " '[s]tatutes relating to the same matter or subject * * * are *in pari materia* and should be read together to ascertain and effectuate if possible the legislative intent.' " *D.A.B.E., Inc. v. Toledo–Lucas Cty. Bd. of Health,* 96 Ohio St.3d 250, 2002-Ohio-4172, 773 N.E.2d 536, ¶ 20, quoting *State ex rel. Pratt v. Weygandt* (1956), 164 Ohio St. 463, 58 O.O. 315, 132 N.E.2d 191, paragraph two of the syllabus. Appellant argues that EMHA constitutes confinement under R.C. 2949.08(C) because an offender convicted of a misdemeanor cannot be sentenced to a term of EMHA that exceeds the maximum jail term available for the offense. However, this claim is contrary to established law applicable specifically to misdemeanor sentencing. Although R.C. 2929.27 is silent as to how long EMHA may be imposed, R.C. 2929.25(A)(2) provides that the duration of all community-control sanctions— which includes nonresidential sanctions such as EMHA—imposed on a misdemeanor offender may not exceed five years. By contrast, the law specifically provides that a misdemeanor offender may be sentenced to a term in a halfway house or an alternative residential facility "not to exceed the longest jail term available for the offense." R.C. 2929.26(A)(1) and (2). Absent a similar statutory restriction on EMHA, a trial court has discretion to impose a term of EMHA longer than the maximum jail term available for the offense, so long as the court

heeds the cumulative five-year restriction for all community-control sanctions. In *State v. Cowen,* 167 Ohio App.3d 233, 2006-Ohio-3191, 854 N.E.2d 579, the Second District Court of Appeals held that a trial court did not err by sentencing a misdemeanor offender to three months of EMHA when the maximum possible jail term for the offense was 30 days. The court held that "if the legislature intended for a sentence of [EMHA] to be the equivalent of a jail term, then it could have inserted the same limitation in R.C. 2929.27 [as in R.C. 2929.26(A)(1) and (2) ], but it did not." Id. at ¶ 27.

{¶ 18} Appellant's position is also contrary to the authority given to trial courts to remedy violations of community-control sanctions. Under R.C. 2929.25(C)(2), a court may impose additional penalties on a person who violates a condition of a community-control sanction, including a longer time under the same community-control sanction or a more restrictive community-control sanction. The statute provides that "[t]he court *may* reduce the longer period of time that the violator is required to spend under the longer sanction or the more restrictive sanction * * * by all or part of the time the violator successfully spent under the sanction that was initially imposed." R.C. 2929.25(C)(3). (Emphasis added.) This statute vests trial courts with discretionary authority to give violators credit for time served under a community-control sanction when imposing additional punishment for violating that community-control sanction. Thus, under this statute, if the court below had sentenced appellant to an extended term of EMHA as a penalty for violating the original EMHA sanction, the court would have had discretionary authority to reduce the extended term to give appellant credit for time served under the original EMHA sanction. Appellant argues that when the trial court reimposed the original jail sentence after he violated EMHA, the court was *required* to give him credit for time served under EMHA. However, if credit must be given for time served under EMHA when reinstating a jail sentence, then it would follow that time-served credit would be mandatory when imposing an extended community-control sanction. The General Assembly has clearly provided otherwise. Accepting appellant's position would be logically inconsistent with the authority granted to trial courts under R.C. 2929.25(C)(3).

{¶ 19} In light of the case law and statutory analysis set forth above, we hold that a person convicted of a misdemeanor offense is not entitled to time-served credit under R.C. 2949.08(C) for time spent under EMHA as a condition of postconviction probation.

{¶ 20} We note finally that although we find that the trial court is not required to give appellant time-served credit for his time under EMHA, we disagree with the state's assertion that only preconviction confinement may be credited under R.C. 2949.08(C). The state argues that both the title of R.C. 2949.08, "Confinement of convicts; reduction of sentence for confinement prior to

conviction," and the examples provided in the statute demonstrate that only preconviction forms of confinement may be used in determining time-served credit. Id. However, it is well established that title, chapter, and section headings do not constitute part of the law. R.C. 1.01; see also *Viers v. Dunlap* (1982), 1 Ohio St.3d 173, 175, 1 OBR 203, 438 N.E.2d 881, overruled on other grounds by *Wilfong v. Batdorf* (1983), 6 Ohio St.3d 100, 103, 6 OBR 162, 451 N.E.2d 1185.[2] Further, one of the examples of confinement for which time-served credit should be granted under R.C. 2949.08(C)(1) is "confinement while awaiting transportation to the place where the person is to serve the sentence," which by its own terms assumes that the confined individual has been convicted and sentenced. The *Napier* decision, discussed above, also demonstrates that certain forms of postconviction community-control sanctions are deemed to be confinement for purposes of determining time-served credit. Therefore, we cannot agree with the state's position that only preconviction confinement is eligible for time-served credit.

{¶ 21} For the reasons set forth above, appellant's first assignment of error is without merit and is overruled.

{¶ 22} In his merit brief, appellant asked this court, in the event that we overruled the first assignment of error, to certify our decision as being in conflict with the decision in *State v. Holmes*, 6th Dist. No. L–08–1127, 2008-Ohio-6804, 2008 WL 5341009. We decline to do so.

{¶ 23} In *Whitelock v. Gilbane Bldg. Co.* (1993), 66 Ohio St.3d 594, 613 N.E.2d 1032, the Supreme Court of Ohio explained the conditions that must be met before certifying a conflict, stating as follows:

First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict *must* be "upon the same question." Second, the alleged conflict must be on a rule of law—not facts. Third, the journal entry or opinion of the certifying court must clearly set forth that rule of law which the certifying court contends is in conflict with the judgment on the same question by other district courts of appeals.

(Emphasis sic.) Id. at 596.

{¶ 24} In *Holmes*, the Sixth District considered whether a defendant who had been convicted of felony drug possession was entitled to credit for time served

---

2. We also note that section headings should not be considered part of the law for purposes of interpreting a statute, because these headings may vary by publisher. Baldwin's Ohio Revised Code Annotated labels R.C. 2949.08 "Confinement of convicts; reduction of sentence for confinement prior to conviction." Page's Ohio Revised Code Annotated labels R.C. 2949.08 "Confinement upon conviction; reduction of sentence for prior confinement." The online version of the Ohio Revised Code labels R.C. 2949.08 "Custody upon conviction—reduction of sentence for days served."

under EMHA when he was returned to prison for violating his community-control sanctions. *Holmes* at ¶ 2–6. The present case involves an offender convicted of misdemeanor theft. There are important distinctions between the schemes for felony sentencing and misdemeanor sentencing. See, e.g., *State v. Sutton,* 162 Ohio App.3d 802, 2005-Ohio-4589, 835 N.E.2d 752, ¶ 9. Because *Holmes* involved a felony offender and the present case involves a misdemeanor offender, we believe that the decisions are not "upon the same question" and certification is improper.

{¶ 25} Appellant's second assignment of error claims that the trial court erred by granting credit for only 81 days of time served in jail, when he had actually spent a total of 90 days in jail at various times for this offense. Appellant asserts that this nine-day discrepancy arises from the time of his original sentencing in November 2008. Appellant was arrested on October 2, 2008, and was released from jail on bond on November 6, 2008. Thus, it appears that appellant spent 36 days in jail prior to his release on bond. At the original sentencing, however, the court ordered that he was entitled to 27 days of credit for time served in jail prior to conviction. This alleged mathematical error remained on the record and formed part of the trial court's calculation in the order revoking appellant's probation.

{¶ 26} While suggesting that res judicata might apply to this assignment of error, the state "concedes that a limited remand is appropriate to correct the original sentencing entry." In light of the facts asserted by appellant, it appears that the trial court erred in its original calculation of appellant's time-served credit and that this error led to a subsequent error in the order revoking appellant's probation.

{¶ 27} Accordingly, appellant's second assignment of error is sustained.

{¶ 28} For the foregoing reasons, appellant's first assignment of error is overruled and his second assignment of error is sustained. We affirm the judgment of the Franklin County Court of Common Pleas denying time-served credit for the time appellant spent under EMHA, but reverse the trial court's judgment granting only 81 days of credit for time served in jail. We remand this matter to the trial court to vacate its July 1, 2010 revocation entry and to re-issue a new corrected order regarding the credit for actual time served in jail to which appellant is entitled.

Judgment affirmed in part
and reversed in part;
and cause remanded with instructions.

BRYANT, P.J., and FRENCH, J., concur.