[Cite as *Independence v. Corradetti*, 2020-Ohio-2823.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CITY OF INDEPENDENCE, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 108554 |
| v. | : | |
| BERNARD J. CORRADETTI, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** May 7, 2020

Criminal Appeal from the Garfield Heights Municipal Court
Case No. CRB-18-00788

*Appearances:*

William T. Doyle,[1] City of Independence Law Director, *for appellee.*

The Goldberg Law Firm, L.L.C., Michael J. Goldberg, and Patrick J. Sennish, *for appellant.*

---

[1] Former law director Charles F. Cichocki prepared the appellee brief, but was replaced by now law director William T. Doyle via motion No. 535581, on January 28, 2020.

RAYMOND C. HEADEN, J.:

{¶ 1} Defendant-appellant Bernard J. Corradetti ("Corradetti") appeals the trial court's denial of his jail-time credit motion for time spent, postconviction, on electronically monitored house arrest ("EMHA"). For the reasons that follow, we reverse the trial court's decision.

## I.   Procedural and Substantive History

{¶ 2} This appeal stems from Garfield Heights M.C. No. CRB-18-00788 where Corradetti was charged with public indecency, a third-degree misdemeanor, in violation of R.C. 2907.09, and possession of drugs, a minor misdemeanor, in violation of R.C. 2925.11. On November 20, 2018, Corradetti entered a guilty plea to amended Count A, attempted public indecency, a fourth-degree misdemeanor, and the city nolled Count B, possession of drugs. At the sentencing hearing on November 30, 2018, the court sentenced Corradetti to a 30-day suspended jail sentence; 60 days of EMHA; and five years of active probation. Under the conditions of his EMHA, the court ordered Corradetti not to leave his home for any reason, including work or doctors' appointments, and to wear a SCRAM monitor.

{¶ 3} While under EMHA, Corradetti filed a motion on January 18, 2019, that sought work privileges. Corradetti owned and operated a snowplow business and requested work privileges so that he could fulfill client contracts following a large snowstorm. The court denied Corradetti's motion for work privileges on January 24, 2019.

{¶ 4} Following completion of his EMHA, Corradetti violated his probation. In anticipation of a probation violation hearing, Corradetti filed a motion on April 22, 2019, seeking 60 days of jail-time credit for time spent under EMHA. The court denied Corradetti's jail-time credit motion.

{¶ 5} At his probation violation hearing on April 26, 2019, the municipal court found Corradetti guilty of a probation violation, and as a result, terminated his probation and sentenced him to 15 days in jail. In lieu of immediately serving his sentence, the court granted Corradetti bond pending his appeal.

{¶ 6} On May 10, 2019, Corradetti filed a timely appeal raising the following assignment of error, verbatim, for our review:

> The trial court committed reversible error by failing to properly apply as jail time credit the 60 days defendant-appellant spent under postconviction, electronically-monitored house arrest with no release provisions and by thus failing to reduce the total sentence accordingly.

## II. Law and Analysis

{¶ 7} On appeal, Corradetti presents one assignment of error for our review. Corradetti argues that the trial court erred when it did not grant him jail-time credit for time spent, postconviction, under EMHA. We sustain Corradetti's assignment of error.

{¶ 8} Corradetti, relying on *State v. Reed*, 2019-Ohio-1266, 133 N.E.3d 1068 (6th Dist.), *discretionary appeal allowed and motion denied, State v. Reed*, 156 Ohio St.3d 1463, 2019-Ohio-2892, 126 N.E.3d 1175, and *State v. Holmes*, 6th Dist. Lucas No. L-08-1127, 2008-Ohio-6804, argues that the court should have granted him jail-time credit for his time spent under house arrest. The Sixth District

Court of Appeals found Reed was entitled to jail-time credit for the days served on house arrest because he could have been prosecuted for escape if he violated his EMHA. *Reed* at ¶ 16.[2] In addition to following the statutory analysis adopted by the *Reed* court, Corradetti further argues his EMHA entitled him to jail-time credit because (1) the court denied work privileges during his EMHA, (2) the court refused to allow Corradetti to leave his home under any circumstances, including doctors' appointments, (3) the 60-days EMHA sentence served by Corradetti was double the maximum sentence for a fourth-degree misdemeanor, and (4) the final judgment entry ("sentencing entry") completed by the court referenced home detention under the "jail sanctions" heading rather than the "community control sanctions" heading.

{¶ 9} The city, citing to *State v. Blankenship*, 192 Ohio App.3d 639, 2011-Ohio-1601, 949 N.E.2d 1087 (10th Dist.), and its progeny, argues that the imposed EMHA did not sufficiently limit Corradetti's personal movement, and therefore, the trial court correctly denied Corradetti jail-time credit for time spent under EMHA.

{¶ 10} According to R.C. 2949.08(C)(1), an individual sentenced to jail may obtain jail-time credit to reduce his sentence based upon the number of days of prior confinement:

> If the person is sentenced to a jail for a felony or a misdemeanor, the jailer in charge of a jail shall reduce the sentence of a person delivered into the jailer's custody pursuant to division (A) of this section by the total number of days the person was confined for any reason arising out of the offense for which the person was convicted and sentenced * * *.

---

[2] We recognize that at the time of this appeal, the Ohio Supreme Court certified a conflict between *Reed* and *State v. Porter*, 2018-Ohio-3123, 106 N.E.3d 125 (12th Dist.), that was scheduled for oral argument on April 7, 2020 ("*Porter I*").

R.C. 2949.08(C)(1). In other words, jail-time credit is provided for days of confinement.

{¶ 11} Corradetti was charged with a fourth-degree misdemeanor. At sentencing, the trial judge stated she would send Corradetti to jail, but she was concerned that Corradetti would not receive prescription medications during his incarceration:

> This is the situation. Normally I would instantly put Mr. Corradetti in jail for 30 days; however, I've been informed that the likelihood of anybody receiving any medication in County Jail is not guaranteed. That presents a huge problem.

(Tr. 11.)

{¶ 12} Rather than issue a 30-day jail sentence to be served at the County Jail — where the trial judge was not certain Corradetti would have access to his required prescriptions — the trial judge sentenced the offender to 30 days in jail, suspended the jail sentence, and placed him on EMHA with no privileges. Tr. 11. As part of EMHA, the trial judge denied Corradetti work privileges, attendance at doctors' appointments, and the use of alcohol as tracked by a SCRAM monitor. Tr. 11-13.

{¶ 13} "'A court of record speaks only through its journal and not by oral pronouncement or mere written minute or memorandum.'" *State v. Hampton*, 134 Ohio St.3d 447, 2012-Ohio-5688, 983 N.E.2d 324, ¶ 15, quoting *Schenley v. Kauth*, 160 Ohio St. 109, 113 N.E.2d 625 (1953), paragraph one of the syllabus.

**{¶ 14}** Here, to implement Corradetti's sentence, the trial court used a form journal entry that specifies the available sanctions. The form breaks these available sanctions into the following: financial sanctions, jail sanctions, community control sanctions, drivers' license sanctions, vehicle sanctions, and other sanctions. In connection with Corradetti, the jail sanctions portion of the judgment entry reads, in pertinent part:

> **JAIL SANCTIONS** - Defendant is sentenced to the City Jail for the following number of days:
>
> **Count CRB 1800788A**[3]
> Jail Days    30
> Suspended   30
> Credit
> Total

The trial court also placed a check mark at the start of two additional lines under jail sanctions, incorporating a driver intervention program and EMHA as part of Corradetti's journal entry:

> Defendant shall successfully complete a 72 Hour Driver Intervention Program in lieu of 3 days in jail and comply with Program recommendations.
>
> 60 days of home detention at Defendant's expense.

**{¶ 15}** Under the community control sanctions heading, the court placed Corradetti on five years active community control sanctions and directed Corradetti to continue counseling with his therapist until released by the probation officer. The

---

[3] Count B, possession of drugs, is referenced in the journal entry under jail sanctions, but the entry does not include any specific information — number of jail days sentenced, suspended, or credited — because Count B was nolled by the city.

court also checked a box marked "other" under the community control sanctions heading and clarified the EMHA restrictions: (1) Corradetti was not permitted release for work or any other purpose, (2) the offender was to contact his therapist to try and facilitate receiving therapy via telecommunications, and (3) a SCRAM monitor and drug screens were required.

{¶ 16} The court's journal entry identifies EMHA as a jail sanction, not as a community control sanction. The court could have sentenced Corradetti's EMHA as a community control sanction by not checking the EMHA box under jail sanctions and including EMHA as part of the detail the trial court provided for Corradetti's sentence under the journal entry form's community control sanction heading. The court did not do so but rather checked EMHA as a jail sanction. The plain reading of the checked journal entry form is that Corradetti's EMHA was a jail sanction. The trial judge's statement that she wanted to send Corradetti to jail and the limitations she attached to the offender's EMHA — emulating a more restrictive environment — further demonstrate that Corradetti's time spent on EMHA was a jail sanction. Because Corradetti's EMHA was sentenced to EMHA as a jail sanction, he is entitled to jail-time credit for time served. R.C. 2949.08(C)(1).

{¶ 17} For the foregoing reasons, the lower court should have granted Corradetti's motion for jail-time credit for time spent under EMHA, and therefore, we sustain Corradetti's assignment of error.

{¶ 18} We reverse the lower court's decision. Case remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Garfield Heights Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
RAYMOND C. HEADEN, JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR