[Cite as *State v. Tabor*, 2011-Ohio-3200.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| BRIAN TABOR | : | Case No. 11CA33 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common Pleas,
                             Case No. 2007CR100D


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      June 24, 2011


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

DANIEL J. BENOIT                          BRIAN TABOR, PRO SE
38 South Park Street                      Inmate No. A574-130
Mansfield, OH  44902                      N.C.C.T.F.
                                          2000 South Avon-Belden Road
                                          Grafton, OH  44044

*Farmer, P.J.*

{¶1}   On August 28, 2007, appellant, Brian Tabor, was sentenced to five years of community control in the case sub judice.  On May 13, 2008, appellant was ordered to complete a treatment program at the Licking–Muskingum Community Correction Center (hereinafter "LMCCC").  Thereafter, appellant was released from treatment and placed on electronic monitoring.  Due to repeated probation violations, appellant was ordered to serve twelve months in prison.  See, Journal Entry filed December 8, 2009.

{¶2}   On March 4, 2011, appellant filed a motion for jail time credit for the period of time he spent in the LMCCC and on electronic monitoring.  By order filed March 11, 2011, the trial court credited appellant with 88 days for his time spent in the LMCCC, and denied credit for the electronic monitoring as that was not "confinement" within the meaning of the jail time credit statute.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶4}   "THE TRIAL COURT COMMITTED HARMFUL ERROR IN FAILING TO GIVE THE DEFENDANT/APPELLANT JAIL TIME CREDIT AGAINST THE IMPOSED PRISON SENTENCE FOR TIME CONFINED ON ELECTRONIC MONITORED HOUSE ARREST, WHILE ON COMMUNITY CONTROL.  THIS DENIED HIS DUE PROCESS RIGHTS IN VIOLATION OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION AND THE ARTICLE 1, SECTION 10 OF THE CONSTITUTION OF THE STATE OF OHIO, AND CONTRARY TO OHIO REVISED CODE SECTION 2967.191 AND OHIO REVISED CODE, SECTION 2949.08(D)."

{¶5} This case comes to us on the accelerated calendar pursuant to App.R. 11.1 which states the following in pertinent part:

{¶6} "**(E) Determination and judgment on appeal**

{¶7} "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

{¶8} "The decision may be by judgment entry in which case it will not be published in any form.***"

{¶9} This appeal shall be considered in accordance with the aforementioned rule.

I

{¶10} Appellant claims the trial court erred in failing to give him jail time credit for the electronic monitoring he served while on community control. We disagree.

{¶11} By order filed March 11, 2011, the trial court found "[e]lectronic monitoring is not 'confinement' within the meaning of the jail credit statute, and that portion of defendant's motion is overruled."

{¶12} A copy of the electronic monitoring requirements is not included in the file. All we have before us is an affidavit by appellant filed on March 4, 2011 wherein he averred the following:

{¶13} "I am the Defendant in the above captioned case. The Defendant was required to participate in Electronic Monitoring during Re-Entry Program as part of his sentence in Case No. #07-CR-0100, and would have been subject to an escape charge under O.R.C. Section 2929.34 if he had left without permission, failed to return to home,

or removed, altered or in any way tampered with electronic monitor. The Defendant was not permitted to leave home between 10 PM till 6 AM. until after the Defendant finished his programming. Likewise, the Defendant could not have visits during this period. Defendant was never allowed to leave Richland County, without permission. He was required to attend twelve step recovery meetings, and he was required to have his attendance verified. During Re-Entry programming the Defendant remained under significant restrictions."

{¶14} Pursuant to R.C. 2949.08(C)(1):

{¶15} "If the person is sentenced to a jail for a felony or a misdemeanor, the jailer in charge of a jail shall reduce the sentence of a person delivered into the jailer's custody pursuant to division (A) of this section by the total number of days the person was confined for any reason arising out of the offense for which the person was convicted and sentenced***."

{¶16} The issue in this case is whether appellant's electronic monitoring constitutes "confinement." Because the word "confinement" is not defined in the criminal code, courts use the word "detention" as a substitute which is defined in R.C. 2921.01(E) as follows:

{¶17} " 'Detention' means arrest; confinement in any vehicle subsequent to an arrest; confinement in any public or private facility for custody of persons charged with or convicted of crime in this state or another state or under the laws of the United States or alleged or found to be a delinquent child or unruly child in this state or another state or under the laws of the United States; hospitalization, institutionalization, or confinement in any public or private facility that is ordered pursuant to or under the

authority of section 2945.37, 2945.371, 2945.38, 2945.39, 2945.40, 2945.401, or 2945.402 of the Revised Code; confinement in any vehicle for transportation to or from any facility of any of those natures; detention for extradition or deportation; except as provided in this division, supervision by any employee of any facility of any of those natures that is incidental to hospitalization, institutionalization, or confinement in the facility but that occurs outside the facility; supervision by an employee of the department of rehabilitation and correction of a person on any type of release from a state correctional institution; or confinement in any vehicle, airplane, or place while being returned from outside of this state into this state by a private person or entity pursuant to a contract entered into under division (E) of section 311.29 of the Revised Code or division (B) of section 5149.03 of the Revised Code. For a person confined in a county jail who participates in a county jail industry program pursuant to section 5147.30 of the Revised Code, 'detention' includes time spent at an assigned work site and going to and from the work site."

{¶18} In this case, appellant was only required to be at home between the hours of 10:00 p.m. and 6:00 a.m. which was merely a curfew requirement. Appellant was free to move around within the county and could leave the county with permission as long as he abided by the terms of his community control.

{¶19} In *State v. Blankenship,* Franklin App. No. 10AP-651, 2011-Ohio-1601, ¶19, our brethren from the Tenth District held, "[i]n light of the case law and statutory analysis set forth above, we hold that a person convicted of a misdemeanor offense is not entitled to time-served credit under R.C. 2949.08(C) for time spent under EMHA as

a condition of postconviction probation." Although *Blankenship* involved a misdemeanor case, we agree with the well-reasoned analysis therein.

{¶20} Upon review, we find the trial court did not err in denying appellant jail time credit for his time spent on electronic monitoring.

{¶21} The sole assignment of error is denied.

{¶22} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By Farmer, P.J.

Edwards, J. and

Delaney, J. concur.


_s/Sheila G. Farmer_____


_s/ Julie A. Edwards_____


_s/ Patricia A. Delaney_____

JUDGES


SGF/sg 614

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO :
:
  Plaintiff-Appellee :
:
-vs- : JUDGMENT ENTRY
:
BRIAN TABOR :
:
  Defendant-Appellant : CASE NO. 11CA33

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed. Costs to appellant.

        _s/Sheila G. Farmer_____

        _s/ Julie A. Edwards_____

        _s/ Patricia A. Delaney_____

            JUDGES