[Cite as *State v. Pope*, 2012-Ohio-5452.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| GERALD POPE | : | Case No. 2012CA00159 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
Pleas, Case No. 2010CR0893


JUDGMENT:     Affirmed


DATE OF JUDGMENT:     November 13, 2012


APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
Prosecuting Attorney

By: RENEE M. WATSON
Assistant Prosecuting Attorney
110 Central Plaza South
Suite 510
Canton, OH 44702-1413

For Defendant-Appellant

GERALD A. POPE, PRO SE
Inmate No. 623-245
Lake Erie Correctional Institution
P.O. Box 8000
Conneaut, OH 44030

*Farmer, J.*

{¶1}   On June 30, 2010, the Stark County Grand Jury indicted appellant, Gerald Pope, on five counts of nonsupport of dependents in violation of R.C. 2919.21. Appellant pled guilty to the charges on August 18, 2010.   By judgment entry filed October 4, 2010, the trial court sentenced appellant to five years of community control with conditions, including electronically monitored house arrest.

{¶2}   On October 27, 2011, appellant's probation officer filed a motion to revoke appellant's probation for violating several rules.  On December 20, 2011, an addendum to the motion to revoke was filed to add appellant's active warrants for passing bad checks.

{¶3}   A hearing was held on March 14, 2012.  By judgment entry filed March 23, 2012, the trial court revoked appellant's community control and sentenced him to fourteen months in prison.

{¶4}   On July 23, 2012, appellant filed a motion for jail time credit for his time spent on electronic monitored house arrest.  By judgment entry filed July 26, 2012, the trial court denied the motion.

{¶5}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶6}   "I FEEL AS THOUGH THE TRIAL COURT VIOLATED MY DUE PROCESS RIGHTS BY NOT CREDITING THE TIME I SPENT ON ELECTRONICALLY MONITORED HOUSE ARREST AS PART OF MY COMMUNITY CONTROL."

II

{¶7}   "THE TRIAL COURT ERRED WHEN IT DENIED MY JAIL TIME CREDIT FOR DAYS SUCCESSFULLY COMPLETED ON ELECTRONICALLY MONITORED HOUSE ARREST WHEN A SUBSEQUENT PRISON TERM WAS IMPOSED FOR A VIOLATION."

I, II

{¶8}   Appellant challenges the trial court's failure to give him jail time credit for time spent on electronically monitored house arrest as such constituted detention.  We disagree.

{¶9}   This court examined this same issue in *State v. Tabor,* 5th Dist. No. 11CA33, 2011-Ohio-3200.  In *Tabor,* this court analyzed the meaning of "detention" and concluded the following at ¶ 18-20:

In this case, appellant was only required to be at home between the hours of 10:00 p.m. and 6:00 a.m. which was merely a curfew requirement.  Appellant was free to move around within the county and could leave the county with permission as long as he abided by the terms of his community control.

In *State v. Blankenship,* Franklin App. No. 10AP–651, 2011–Ohio–1601, ¶ 19, our brethren from the Tenth District held, "[i]n light of the case law and statutory analysis set forth above, we hold that a person convicted of a misdemeanor offense is not entitled to time-served credit under R.C. 2949.08(C) for time spent under EMHA as a condition of postconviction

probation."   Although *Blankenship* involved a misdemeanor case, we agree with the well-reasoned analysis therein.

Upon review, we find the trial court did not err in denying appellant jail time credit for his time spent on electronic monitoring.

{¶10} In the case sub judice, the trial court sentenced appellant to five years of community control and placed him in the Intensive Supervision Probation Program. Judgment Entry filed October 4, 2010.  Appellant was ordered to serve "house arrest followed by a 9:00 p.m. curfew" and was assigned to the Stark County Day Reporting Program.  Appellant was also informed of his freedom and lack of detention as follows:

2. The Defendant shall keep the supervising officer informed of his residence and place of employment.   The Defendant shall obtain permission from the supervising officer before changing residence or employment.   The Defendant understands that if he is released and absconds supervision, he may be prosecuted for the crime of escape, under section 2921.34 of the Revised Code.

3. The Defendant shall not leave the State of Ohio without written permission of the Adult Parole/Probation Department.

16.  The Defendant shall follow the following Special Conditions:

f. That this defendant shall obtain and maintain verifiable full-time employment.

{¶11}  Given the nature of appellant's community control, we find our decision in *Tabor* to be controlling.

{¶12}  Assignments of Error I and II are denied.

{¶13}  The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.

_____

_____

_____

JUDGES

SGF/sg 1029

[Cite as *State v. Pope*, 2012-Ohio-5452.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| GERALD POPE | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2012CA00159 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. Costs to appellant.

_____

_____

_____

JUDGES