[Cite as *State v. Fillinger*, 2016-Ohio-8455.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellant, | : | CASE NO.   CA2016-04-015 |
| | : | O P I N I O N |
| - vs - | | 12/28/2016 |
| | : | |
| TREVOR J. FILLINGER, | : | |
| Defendant-Appellee. | : | |

CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CRI 20130069

Stephen J. Pronai, Madison County Prosecuting Attorney, Rachel M. Price, 59 North Main Street, London, Ohio 43140, for plaintiff-appellant

Thomas J.C. Arrington, 67 East High Street, London, Ohio 43140, for defendant-appellee

**RINGLAND, J.**

{¶ 1}   Plaintiff-appellant, the state of Ohio, appeals from a decision in the Madison County Court of Common Pleas awarding jail-time credit to defendant-appellee, Trevor Fillinger, for time he spent subject to postconviction electronic monitored house arrest ("EMHA").  For the reasons detailed below, we affirm.

{¶ 2}   On August 30, 2013, Fillinger pled no contest and was convicted of one count of attempted gross sexual imposition in violation of R.C. 2907.05(A)(4), a fourth-degree

felony. On February 6, 2014, Fillinger was sentenced to community control and, as part of that sentence, was placed on EMHA. The sentencing entry did not provide any exceptions to Fillinger's EMHA, stating only that "[t]he Defendant is placed on House Arrest with Electronic Monitoring Device."

{¶ 3} On August 27, 2015, Fillinger's community control was modified and he was removed from EMHA. Following his removal from EMHA, Fillinger violated the terms of his community control. Fillinger admitted to the violation and the trial court imposed an 18-month prison sentence. During the sentencing hearing, Fillinger requested credit for the time spent on EMHA. After taking the matter under advisement, the trial court granted Fillinger's request and credited him with jail-time credit for the time spent on postconviction EMHA. The state now appeals the decision of the trial court, raising a single assignment of error for review:

{¶ 4} THE TRIAL COURT INCORRECTLY AWARDED THE DEFENDANT CREDIT FOR JAIL-TIME SERVED WHEN IT GAVE HIM CREDIT FOR TIME SPENT ON EMHA.

{¶ 5} The state challenges the trial court's award of jail-time credit, alleging that Fillinger's time spent on postconviction EMHA should not be considered for purposes of determining jail-time credit.

{¶ 6} Both parties acknowledge that there is a split amongst Ohio appellate districts regarding the calculation of jail-time credit for postconviction EMHA. The state argues this court should adopt the position of the Tenth District Court of Appeals in *State v. Blankenship*, 192 Ohio App.3d 639, 2011-Ohio-1601 (10th Dist.). There, the Tenth District held that a defendant, who had been convicted of a misdemeanor and placed on a 90-day period of EMHA but was permitted to leave his home to go to work and anger-management treatment, was not entitled to confinement credit. *Id.* at ¶ 16. Relying on *State v. Nagle*, 23 Ohio St.3d 185 (1986) and *State v. Napier*, 93 Ohio St.3d 646 (2001), the court found "'confinement' requires such a restraint on the defendant's freedom of movement that he cannot leave

- 2 -

official custody of his own volition." *Id.* at ¶ 14.

{¶ 7} A number of appellate districts have adopted the reasoning in *Blankenship* and held that a defendant was not entitled to credit for time spent on postconviction electronic monitoring or EMHA. S*tate v. Tabor*, 5th Dist. Richland No. 11CA33, 2011-Ohio-3200; *State v. Williams*, 3d Dist. Hancock No. 5-11-26, 2011-Ohio-6698; *State v. Kleinholz*, 1st Dist. Hamilton No. C-150276, 2015-Ohio-4280.

{¶ 8} To the contrary, Fillinger urges this court to follow *State v. Holmes*, 6th Dist. Lucas No. L-08-1127, 2008-Ohio-6804, where the Sixth District held that a defendant should have been granted jail-time credit under R.C. 2949.08 for his time on postconviction EMHA. *Id.* at ¶ 2-6. The court in *Holmes* reasoned that because electronic monitoring constituted detention for purposes of an escape conviction, it should also warrant, in the interest of justice, credit as time served. *Id.* at ¶ 19.

{¶ 9} Based on our review, we find the trial court properly awarded jail-time credit to Fillinger based on the time spent on postconviction EMHA. In so doing, we decline to adopt the reasoning of *Blankenship* and its progeny, which approach the issue of whether "house arrest" is confinement based upon a "restraint of movement" analysis. Rather, we find that the issue may be resolved by resorting to the relevant statutes.

{¶ 10} R.C. 2949.08(B) provides:

> The record of the person's conviction shall specify the total number of days, if any, that the person was *confined for any reason* arising out of the offense for which the person was convicted and sentenced prior to delivery to the jailer, administrator, or keeper under this section. The record shall be used to determine any reduction of sentence under division (C) of this section.

(Emphasis added.)

{¶ 11} Likewise, R.C. 2967.191 provides:

> The department of rehabilitation and correction shall reduce

the stated prison term of a prisoner * * * by the total number of days that the prisoner was *confined for any reason* arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * *.

(Emphasis added.)

{¶ 12} The Revised Code does not define the term "confined" as used in these statutes. However, as used in R.C. Chapter 2929, "house arrest," when imposed as a sanction for the conviction of a crime is defined as "a period of *confinement* of an offender that is in the offender's home or in other premises specified by the sentencing court * * *." R.C. 2929.01(P) (Emphasis added). According to this definition, when "house arrest," is imposed as a community control sanction pursuant to R.C. 2929.17 for conviction of a felony, it is "confinement."

{¶ 13} The cases relied upon in *Blankenship*, i.e., *Nagle* and *Napier*, are instructive as to whether placement in a rehabilitation facility or community-based correctional facility may constitute confinement. However, unlike the present case involving house arrest imposed as a community control sanction, placement in the "rehabilitation facility" and the correctional facility in *Nagle* and *Napier*, respectively, are not defined by the Ohio Revised Code as "confinement."

{¶ 14} We recognize that the Tenth District did not consider the import of R.C. 2929.01(P), in part, by relying on *State v. Gapen*, 104 Ohio St.3d 358, 2004-Ohio-6548. *Blankenship*, 2011-Ohio-1601 at ¶ 9. In *Gapen*, the Ohio Supreme Court held that *pretrial* electronic home monitoring does not constitute detention for the purpose of prosecuting the crime of escape because it was not intended to be a form of detention under R.C. 2921.01(E). This court has construed *Gapen* to also apply for purposes of pretrial jail-time credit. Specifically, in *State v. Delaney*, 12th Dist. Warren No. CA2012-11-124, 2013-Ohio-2282, this court held that "pretrial EMHA does not constitute confinement for the purpose of

- 4 -

receiving jail-time credit." *Id.* at ¶ 8.

{¶ 15} We also recognize that there will often be no practical distinction between pretrial house arrest and house arrest imposed as a postconviction sanction. However, as noted, there is a legal distinction based upon R.C. 2929.01(P) specifically defining the later as "confinement." Apparently, the Supreme Court also recognizes a distinction between pretrial and postconviction house arrest as it carefully restricted its holding in *Gapen* by continually emphasizing that the case involved "pretrial" home monitoring. Any resulting inequity in the disparate treatment of pretrial and postconviction house arrest is a matter to be resolved by the legislature, not the judiciary.

{¶ 16} Accordingly, we agree that Fillinger was "confined" for purposes of receiving jail-time credit for the time spent on postconviction EMHA. The trial court did not err by crediting Fillinger with those days. The state's sole assignment of error is overruled.

{¶ 17} Judgment affirmed.

M. POWELL, P.J., concurs.

HENDRICKSON, J., dissents.

**HENDRICKSON, J., dissenting.**

{¶ 18} I respectfully dissent from the majority's opinion. Because Fillinger's physical movement was not restrained while he was on EMHA, I would reverse the trial court's decision awarding Fillinger jail-time credit.

{¶ 19} As the majority has recognized, there is a split between the appellate districts as to whether EMHA should be considered "confinement" for purposes of determining jail-time credit. I find the rationales expressed by the Tenth District Court of Appeals in *State v. Blankenship*, 192 Ohio App.3d 639, 2011-Ohio-1601 (10th Dist.), and the First District Court

- 5 -

of Appeals in *State v. Kleinholz*, 1st Dist. Hamilton No. C-150276, 2015-Ohio-4280, compelling.

{¶ 20} In *Blankenship*, the defendant pled guilty to misdemeanor theft and was eventually placed on a 90-day term of EMHA. *Blankenship* at ¶ 2. The terms of Blankenship's EMHA permitted him to leave his home to attend anger-management treatment and go to work. *Id.* at ¶ 16. After Blankenship violated his EMHA and his probation was revoked, he argued he was entitled to 50 days of jail-credit for the time he spent under EMHA. *Id.* at ¶ 2. The trial court disagreed. *Id.*

{¶ 21} On appeal, the Tenth District upheld the trial court's denial of jail-time credit after examining the Ohio Supreme Court's holdings in *State v. Nagle*, 23 Ohio St.3d 185 (1986), and *State v. Napier*, 93 Ohio St.3d 646 (2001). In *Nagle*, the court determined that a defendant was not entitled to jail-time credit for the time he spent in a rehabilitation facility because his "freedom of movement was not so severely restrained." *Nagle* at 187. In contrast, in *Napier*, the court found that a defendant was entitled to jail-time credit for time spent in a community-based correctional facility, even after a "lock-down" period had ended, because the defendant "was not free to come and go as he wished * * * [but, rather,] was subject to the control of the staff regarding [his] personal liberties." *Napier* at 648. The Tenth District concluded that Blankenship's EMHA was similar to the situation in *Nagle*. *Blankenship*, 2011-Ohio-1601 at ¶ 16. The court noted Blankenship was permitted to leave his home for anger-management and employment purposes, and, more importantly, was able to "leave the home of his own volition." *Id.* As the Tenth District noted, "[t]he fact that he faced possible consequences for choosing to violate his EMHA did not transform the EMHA into a condition imposing 'such a restraint on [his] freedom of movement that he [could not] leave official custody of his own volition.'" *Id.*, quoting *State v. Slager*, 10th Dist. Nos. 08AP-581, 08AP-582, 08AP-709, and 08AP-710, 2009-Ohio-1804, ¶ 20.

{¶ 22} The First District reached a similar result in *Kleinholz*. There, a defendant pled guilty to felony domestic violence and was sentenced to three years of community control with multiple conditions, including that he serve 180 days at a community-based correctional facility followed by 180 days of electronically monitored detention ("EMD"). *Kleinholz*, 2015-Ohio-4280 at ¶ 2. While on EMD, Kleinholz was able to maintain employment outside his home. *Id.* at ¶ 4. After violating his community control and being sentenced to prison, Kleinholz asked the trial court to give him jail-time credit for the 180 days he spent on EMD. *Id.* The trial court denied Kleinholz's request and he appealed. *Id.* at ¶ 5.

{¶ 23} The First District, after reviewing the decisions in *Nagle*, *Napier*, *Blankenship*, and *Holmes*, concluded that Kleinholz was not entitled to jail-time credit for his time on EMD. *Id.* at ¶ 9-19. The court stated that "[p]ursuant to the analysis of 'confinement' articulated by the Ohio Supreme Court in *Napier* and *Nagle*, the court must consider the circumstances surrounding the restraint of the defendant's physical movements without regard to whether the defendant's movements may constitute a violation of probation or community control." *Id.* at ¶ 19. In denying Kleinholz jail-time credit, the court expressly rejected the rationale of the Sixth District in *Holmes*, stating that "in determining whether a defendant has been confined for purposes of the award of jail-time credit, it is irrelevant whether he could be prosecuted for escape." *Id.*

{¶ 24} The circumstances presented in the present case are similar to those of *Blankenship* and *Kleinholz*. Fillinger was placed on EMHA, but was permitted to leave his home at his own volition. Fillinger was lawfully permitted to leave his home to meet with probation, to attend court, or for medical emergencies. Fillinger was also physically capable of leaving his home for any other activity or event he wished to attend as his ability to leave his home was not subject to the control of others. *Compare Napier*, 93 Ohio St.3d at 648. The fact that Fillinger faced possible consequences for choosing to leave his home and

violate his EMHA "did not transform the EMHA into a condition imposing 'such a restraint on [his] freedom of movement that he [could not] leave official custody of his own volition.'" *Blankenship*, 2011-Ohio-1601 at ¶ 16., quoting *Slager*, 2009-Ohio-1804 at ¶ 20. As Fillinger's freedom of movement was not restrained, I would find that he was not "confined" and, therefore, is not entitled to jail-time credit for the days he spent on EMHA.

**{¶ 25}** In concluding that Fillinger is not entitled to jail-time credit for his EMHA, I reject the majority's assertion that inclusion of the word "confinement" in the definition of "house arrest" under R.C. 2929.01(P) necessarily entitles a defendant on EMHA to jail-time credit. As the Tenth District noted in *Blankenship*:

> The term "confinement" is not separately defined under R.C. 2929.01. However, the fact that house arrest is defined using the term "confinement" does not necessarily mean that it qualifies time-served credit under R.C. 2949.08(C)(1). "[W]here two statutes do not expressly state that the word has the same meaning in both, it is apparent that it might have different meanings." *State v. Dickinson*, (1971), 28 Ohio St.2d 65, 70, 57 O.O.2d 255, 275 N.E.2d 599.

*Blankenship* at ¶ 9.

**{¶ 26}** Under the approach set forth by the majority, any individual placed on EMHA would automatically be entitled to jail-time credit, regardless of the terms of his or her community control. Take for instance a defendant placed on EMHA that is permitted to leave his home and move around the county so long as he is home for certain, set hours. *See, e.g., State v. Tabor*, 5th Dist. Richland No. 11CA33, 201-Ohio-3200; *State v. Williams*, 3d Dist. Hancock No. 5-11-26, 2011-Ohio-6698. Under the majority's approach, this defendant would be entitled to jail-time credit, regardless of the fact that his movement was not restrained, because he was under "house arrest" and was required to abide by a curfew. Such an approach does not comport with the holdings and rationales expressed by the Ohio Supreme Court in *Nagle* and *Napier*.

{¶ 27} Accordingly, for the reasons stated above, I respectfully dissent from the majority's opinion. I would sustain the state's assignment of error and would reverse the trial court's decision to award Fillinger jail-time credit for the time he spent on EMHA.