[Cite as *State v. Bowling*, 2017-Ohio-8539.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NOS. CA2017-02-020 |
| Plaintiff-Appellant, | : | CA2017-02-021 |
| | | CA2017-03-032 |
| | : | |
| - vs - | | O P I N I O N |
| | : | 11/13/2017 |
| | : | |
| HEATHER RENEE BOWLING, et al., | : | |
| | | |
| Defendants-Appellees. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 16CR31699

David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellant

Kaufman & Florence, William R. Kaufman, 144 East Mulberry Street, P.O. Box 280, Lebanon, Ohio 45036, for defendants-appellees

**RINGLAND, J.**

{¶ 1} Plaintiff-appellant, the state of Ohio, appeals from a decision of the Warren County Court of Common Pleas awarding jail-time credit to defendants-appellees, Heather Bowling, Shannon Melzer, and Ricky Blackford, for time they spent on curfew. For the reasons detailed below, we reverse the decision of the trial court and remand this matter for further proceedings.

Heather Bowling

{¶ 2} On March 21, 2016, Bowling pled guilty to possession of heroin. The trial court sentenced Bowling to three years of community control with 12 months reserved prison time if she violated the terms of her community control.

{¶ 3} As part of her community control, Bowling participated in the Warren County Medication Assisted Treatment (WCMAT) drug court program. At different times during her community control, Bowling was incarcerated, released and placed on electronically-monitored house arrest (EMHA), and released subject to a curfew. Bowling spent 36 days subject to a curfew where she was required to be at home during certain hours of the day.

{¶ 4} Bowling violated the conditions of her community control and was sentenced to a term of incarceration in the Warren County Jail. Following a hearing, the trial court calculated the amount of jail-time credit earned and credited Bowling with 296 days jail-time credit. That calculation included 36 days of jail-time credit for time Bowling spent on curfew. After ordering that amount of jail-time credit, the trial court sentenced Bowling to 38 days in jail.

Shannon Melzer

{¶ 5} Melzer was indicted on eight counts of nonsupport of dependents. On September 30, 2015, Melzer was granted intervention in lieu of conviction (ILC) after she entered a guilty plea to four counts. On February 25, 2016, Melzer's ILC was revoked and she was sentenced to community control for five years with 12 months reserved prison time if she violated the terms of her community control.

{¶ 6} Melzer participated in the WCMAT drug court program. Melzer was on EMHA for a portion of her community control, but only subject to GPS monitoring with curfew at other times. Melzer spent 51 days on GPS monitoring with curfew where she was required to

be at home during certain hours of the day.

{¶ 7} Melzer violated the terms of her community control. Following a hearing, the trial court calculated the amount of jail-time credit earned and credited Melzer with 332 days jail-time credit. That calculation included 51 days of jail-time credit for time Melzer spent on curfew.

Ricky Blackford

{¶ 8} Blackford was indicted on one count of possession of dangerous drugs and one count of tampering with evidence. On July 9, 2014, Blackford was granted ILC after he entered a guilty plea to both counts. On April 30, 2015, Blackford's ILC was revoked and he was sentenced to community control for three years with 18 months reserved prison time if he violated the terms of his community control.

{¶ 9} Blackford participated in the WCMAT drug court program. At different times during his community control, Blackford was on EMHA, on GPS monitoring with curfew, and was incarcerated in the Warren County Jail. Blackford spent 145 days on GPS monitoring with curfew where he was required to be at home during certain hours of the day.

{¶ 10} Blackford violated the terms of his community control. Following a hearing, the trial court credited Blackford with 602 days of jail-time credit. That calculation included 145 days of jail-time credit for time Blackford spent on curfew. As that number exceeded the 18-month-reserved sentence, the trial court discharged him from community control.

{¶ 11} The trial court granted the state's motion for leave to appeal in these three cases. This court consolidated those cases for appeal. The state raises a single assignment of error for review:

{¶ 12} THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEES' JAIL-TIME CREDIT FOR CURFEW.

{¶ 13} In its sole assignment of error, the state argues the trial court erred by awarding jail-time credit for the time that appellees spent on curfew. For the reasons detailed below, we agree.

{¶ 14} Ohio law provides for a reduction of sentence or prison term by the total number of days that the person was "confined." R.C. 2967.191; R.C. 2949.08(B). The Revised Code does not define the term "confined" as used in those statutes. Thus, the calculation of jail-time credit has been subject to much interpretation. *See State v. Fillinger*, 12th Dist. Madison No. CA2016-04-015, 2016-Ohio-8455; *State v. Tabor*, 5th Dist. Richland No. 11CA33, 2011-Ohio-3200; *State v. Williams*, 3d Dist. Hancock No. 5-11-26, 2011-Ohio-6698; *State v. Kleinholz*, 1st Dist. Hamilton No. C-150276, 2015-Ohio-4280; *State v. Holmes*, 6th Dist. Lucas No. L-08-1127, 2008-Ohio-6804.

{¶ 15} In *Fillinger*, the majority opinion found that "house arrest" satisfied the definition of "confined" for purposes of determining jail-time credit. In so doing, the majority opinion relied on the statutory definition of "house arrest," which is defined as "a period of confinement." R.C. 2929.01(P). As a result, the majority in *Fillinger* held that "when 'house arrest,' is imposed as a community control sanction pursuant to R.C. 2929.17 for conviction of a felony, it is 'confinement.'" *Fillinger* at ¶ 12.

{¶ 16} The three consolidated appeals were all decided by the trial court following this court's decision in *Fillinger*. As noted above, appellees were on community control subject to various conditions. The sole issue before this court is whether the period of time that was spent on curfew meets the definition of "confined" under the relevant statutes. The trial court interpreted this court's decision in *Fillinger* to mean that a defendant on curfew is "confined" for purposes of calculating jail-time credit.

{¶ 17} Following review, we find the trial court erred by awarding jail-time credit for the

time appellees spent on curfew. This court's decision in *Fillinger* is distinguishable from the present case, as curfew is not defined as a period of "confinement" under the terms of the Ohio Revised Code. Pursuant to R.C. 2929.01(G), the term curfew "means a requirement that an offender during a specified period of time be at a designated place."

{¶ 18} As the term curfew is not defined as a period of confinement, the trial court's reliance on *Fillinger* was misplaced. In considering the issue of jail-time credit, a number of courts have relied on the Ohio Supreme Court's decisions in *State v. Nagle*, 23 Ohio St.3d 185 (1986); and *State v. Napier*, 93 Ohio St.3d 646 (2001).

{¶ 19} In *Nagle*, the defendant was ordered to attend a residential rehabilitation facility pursuant to the terms of his conditional probation. *Nagle* at 186. Prior to the completion of treatment, the defendant left the facility and was resentenced. *Id.* The Supreme Court held that the defendant was not entitled to jail-time credit for time spent in the rehabilitation facility. *Id.* at 188. Important to its decision was the observation that "in none of [the examples of confinement under R.C. 2949.08(C)] may the defendant leave official custody of his own volition." *Id.* at 186.

{¶ 20} In *Napier*, the Supreme Court found that a defendant was entitled to credit for time spent at a community-based correctional facility. *Napier* at 646. In so doing, the Court again referenced restraint of movement in its confinement analysis, noting that the defendant was only able to leave the facility after submitting a detailed written description of when he was leaving the facility, where he was going, and when he planned to return. *Id.* at 648. As the defendant was not free to come and go, the court found that the defendant "was subject to the control of the staff regarding personal liberties" and his time in the community-based correctional facility constituted "confinement." *Id.* at 648.

{¶ 21} Courts interpreting *Nagle* and *Napier* have concluded that "'confinement'

requires such a restraint on the defendant's freedom of movement that he cannot leave official custody of his own volition."  *State v. Blankenship*, 192 Ohio App.3d 639, 2011-Ohio-1601, ¶ 14 (10th Dist.).  In S*tate v. Tabor*, 5th Dist. Richland No. 11CA33, 2011-Ohio-3200, the Fifth District held that a defendant was not entitled to jail-time credit where the offender was placed on community control and subject to electronic monitoring and curfew.  *Id.* at ¶ 19-20.  The defendant in that case was subject to a curfew requirement that restricted him to his home between the hours of 10:00 p.m. and 6:00 a.m.  *Id.* at ¶ 18.  Otherwise, the defendant "was free to move around within the county and could leave the county with permission as long as he abided by the terms of his community control."  *Id.*

{¶ 22}   In the present case, appellees were subject to curfew that required them to be home at certain hours in the day.  Aside from those times, appellees had freedom of movement and were not in custody or restrained from movement.  As a result, we find that appellees were not "confined" for purposes of calculating jail-time credit for the time spent on curfew.  *Fillinger* is distinguishable from the present case, as there is no term in the Revised Code that defines "curfew" as "confinement."  R.C. 2929.01(P); R.C. 2929.01(G).  Therefore, the trial court erred by awarding credit for time served on curfew.  The state's assignment of error is sustained and this matter is remanded to the trial court for resentencing with instructions to compute the appropriate amount of jail-time credit for each appellee, excluding any time the appellees spent on curfew.

{¶ 23}   Judgment reversed and remanded.


S. POWELL, J., concurs.


HENDRICKSON, P.J., concurs separately.


**HENDRICKSON, P.J., concurring separately.**

- 6 -

**{¶ 24}** I concur in the majority's judgment and determination that appellees, Heather Bowling, Shannon Melzer, and Ricky Blackford, were not entitled to jail-time credit for the time they spent on curfew. I write separately to reiterate my view, as previously expressed in my dissent in *State v. Fillinger*, 12th Dist. Madison No. CA2016-04-015, 2016-Ohio-8455, ¶ 18-27, that in determining whether a defendant is entitled to jail-time credit for being "confined," the proper consideration is whether a defendant's freedom of movement was restrained such that the defendant could not leave his or her home on his or her own volition.

**{¶ 25}** As the majority recognizes, the Ohio Supreme Court has examined a defendant's right to jail-time credit on two different occasions. *See State v. Nagle*, 23 Ohio St.3d 185 (1986); *State v. Napier*, 93 Ohio St.3d 646 (2001). In *Nagle*, the court determined that a defendant was not entitled to jail-time credit for the time he spent in a rehabilitation facility because his "freedom of movement was not so severely restrained" and he could voluntarily leave the facility. *Nagle* at 187. In contrast, in *Napier*, the court found that a defendant was entitled to jail-time credit for time spent in a community-based correctional facility, even after a "lock-down" period had ended, because the defendant "was not free to come and go as he wished * * * [but, rather,] was subject to the control of the staff regarding [his] personal liberties." *Napier* at 648.

**{¶ 26}** Using the rationale applied by the supreme court in *Nagle* and *Napier*, in determining whether a defendant is "confined" and therefore entitled to jail-time credit, a court must consider the circumstances surrounding the restraint of the defendant's physical movements without regard to whether the defendant's movements constitute a violation of the terms of his or her community control or probation. *Fillinger* at ¶ 23. *Accord State v. Blankenship*, 192 Ohio App.3d 639, 2011-Ohio-1601 (10th Dist.); *State v. Kleinholz,* 1st Dist. Hamilton No. C-150276, 2015-Ohio-4280. Regardless of whether a defendant is placed on

electronic monitoring house arrest, GPS monitoring with a curfew, or nonelectronically monitored curfew, the proper focus is whether the defendant's freedom of movement was restrained such that the defendant could not leave his or her home on his or her own volition. As Bowling's, Melzer's, and Blackford's freedom of movement was not restrained and they were free to leave their homes whenever they chose while on curfew and GPS monitored curfew, I agree with the majority's determination that they were not "confined" and, therefore, were not entitled to jail-time credit.