RINGLAND, J., concurring in part and dissenting in part.
{¶ 25} I respectfully dissent for the reasons stated in State v. Fillinger , 12th Dist. Madison, 2016-Ohio-8455, 72 N.E.3d 671. In Fillinger , this court found that "house arrest" satisfied the definition of "confined" for purposes of determining jail-time credit. Id. at ¶ 12. In so doing, this court relied on the statutory definition of "house arrest," which is defined as "a period of confinement." R.C. 2929.01(P). As a result, "house arrest," when "imposed as a community control sanction pursuant to R.C. 2929.17 for conviction of a felony, it is 'confinement.' " Id.
{¶ 26} However, I concur in part because curfew is not defined as a period of "confinement" under the terms of the Ohio Revised Code. Pursuant to R.C. 2929.01(G), the term curfew "means a requirement that an offender during a specified period of time be at a designated place." State v. Bowling , 12th Dist. Warren, 2017-Ohio-8539, 88 N.E.3d 965, ¶ 17. Therefore, I would affirm the decision of the trial court to the extent it denied Porter credit for the time he was subject to a curfew.