[Cite as *State v. Mazur*, 2023-Ohio-2717.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO. 3-22-32

    v.

MICHAEL J. MAZUR,                  O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Crawford County Common Pleas Court
Trial Court No. 17-CR-0278

Judgment Reversed and Cause Remanded

Date of Decision: August 7, 2023

APPEARANCES:

    *Howard A. Elliott* for Appellant

    *Daniel J. Stanley* for Appellee

**MILLER, P.J.**

{¶1} Defendant-appellant, Michael J. Mazur ("Mazur"), appeals the August 18, 2022 judgment of the Crawford County Court of Common Pleas revoking his judicial release and imposing a reserved prison sentence.  For the reasons that follow, we reverse.

{¶2} On October 10, 2017, the Crawford County Grand Jury indicted Mazur on a single count of felonious assault in violation of R.C. 2903.11(A)(2), a second-degree felony.  At an arraignment held on October 16, 2017, Mazur pled not guilty to the count in the indictment.

{¶3} At a change-of-plea hearing held on December 19, 2017, Mazur withdrew his not guilty plea and pursuant to a negotiated-plea agreement, entered a guilty plea to the count in the indictment.  The trial court accepted Mazur's guilty plea, found him guilty, and proceeded directly to sentencing where it imposed a jointly-recommended sentence of four years' imprisonment.

{¶4} On January 30, 2018, Mazur filed a motion for judicial release.  After a hearing held on March 9, 2018, the trial court granted Mazur judicial release.  The trial court placed Mazur on a period of five years of community control with the special condition that Mazur complete a mental-health assessment and complete any recommended treatment.  The trial court also reserved jurisdiction to reimpose the

remainder of Mazur's prison sentence in the event he violates the terms of his community control.

{¶5} A motion was filed on August 29, 2018 requesting the trial court issue an order requiring Mazur to show cause why his judicial release should not be revoked. The motion alleged Mazur violated the terms of his judicial release by consuming alcohol and using marijuana. At an initial hearing held on September 17, 2018, Mazur entered a denial to the alleged violation.

{¶6} At a hearing held on October 4, 2018, Mazur withdrew his denial and entered an admission to the violation of his judicial release conditions. The trial court determined Mazur had violated the conditions of his judicial release but continued Mazur on community control with the special condition that he complete a drug and alcohol treatment program through the Volunteers of America ("V.O.A."). In the attendant judgment entry, the trial court stated that "if Mazur leave[s] [the] V.O.A. without authorization[,] including failure to return after being granted temporary leave, that will constitute a violation of [R.C. 2921.34], Escape, and will cause an independent subsequent prosecution." (Doc. No. 29). The judgment entry also specified that if a V.O.A. treatment program is not available, Mazur shall successfully complete a drug and alcohol treatment program approved by the probation department. (*Id.*).

{¶7} On July 13, 2022, a motion was filed requesting the trial court issue an order requiring Mazur to show cause why his community control should not be revoked. Specifically, the motion stated Mazur failed to report to his probation officer in January 2022, February 2022, and March 2022. Accordingly, the motion alleged Mazur had absconded from supervision and that his whereabouts had been unknown for 169 days. At an initial hearing held the following day, Mazur entered a denial to the alleged violation.

{¶8} At a hearing held on August 18, 2022, Mazur entered an admission to the allegations set forth in July 13, 2022 filing. Consequently, the trial court found Mazur had violated the terms of his judicial release community control. The trial court proceeded immediately to sentencing where it terminated Mazur's community control and reimposed his four-year prison sentence.

{¶9} Mazur filed a notice of appeal on September 14, 2022. He raises two assignments of error, which we address together.

**First Assignment of Error**

**It was error for the Trial Court to not conduct an evidentiary hearing concerning whether the imposition of the community control sanction upon the Defendant that he must enter in to and remain [until] discharge in the V.O.A. program for which the Court admonished that the Defendant-Appellant would be subject to a prosecution for escape under Ohio Revised Code section 2921.34 should he leave the facility, such that there is sufficient of a confinement so as to trigger the Defendant-Appellant's right for credit for time served for his time in the program.**

## Second Assignment of Error

**When a Trial Court revokes community control conditions of an offender who had previously been granted judicial release it is error for the Trial Court to reimpose the original prison sentence without reserving therefrom time previously served in prison on that sentence requiring that the matter be remanded to the Trial Court for resentencing.**

{¶10} In his first assignment of error, Mazur argues the trial court did not properly impose jail time credit. In his second assignment of error, Mazur argues the trial court erred by reimposing his full original prison sentence without reducing it by the time he previously served on that sentence.

*Award of Jail-Time Credit*

{¶11} The practice of awarding jail-time credit is rooted in the Equal Protection Clauses of the Ohio and United States Constitutions, though it is now addressed in Ohio state statute. *State v. Carpenter*, 4th Dist. Meigs No. 16CA11, 2017-Ohio-9038, ¶ 25. One of these statutes, R.C. 2929.19(B)(2)(g)(i), provides:

> [I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall * * *:
>
> * * *
>
> Determine, notify the offender of, and include in the sentencing entry the total number of days, including the sentencing date but excluding conveyance time, that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correct must reduce the definite prison term imposed on the offender as the offender's stated prison term * * *.

Thus, under R.C. 2929.19(B)(2)(g)(i), trial courts have a duty to calculate jail-time credit at the time of sentencing. *State v. Baker*, 8th Dist. Cuyahoga No. 102232, 2015-Ohio-3232, ¶ 14.

{¶12} Here, in the trial court's August 18, 2022 judgment entry, Mazur was awarded 131 days of jail-time credit. (Doc. No. 38). Mazur does not contest the 131 days of credit given for his term of local incarceration. Rather, Mazur argues the trial court erred by not granting additional jail-time credit for time spent in the drug-and-alcohol treatment program ordered by the trial court in its October 4, 2018 judgment entry. However, at the revocation hearing, Mazur did not raise any argument regarding jail-time credit. Nor did he request a hearing under R.C. 2929.19(B)(2)(g)(ii), which provides that in calculating the number of days of jail-time credit, if any, to which the defendant is entitled, "the court shall consider the arguments of the parties and conduct a hearing if one is requested." As a result, Mazur has forfeited all but plain error. *Carpenter* at ¶ 32; *State v. Gordon*, 9th Dist. Summit No. 28331, 2017-Ohio-7147, ¶ 38.

{¶13} Mazur alleges that the V.O.A. program he was ordered to complete in the August 18, 2022 judgment entry constituted confinement for the purpose of R.C. 2967.191. The Revised Code does not define the term "confined" in R.C. 2967.191 or 2949.08(B). *State v. Bowling*, 12th Dist. Warren Nos. CA2017-02-020, CA2017-02-021, and CA2017-03-032, 2017-Ohio-8539, ¶ 14. "Thus, the calculation of jail-

time credit has been subject to much interpretation." *Id*. However, courts interpreting the Ohio Supreme Court's guidance have determined that "'confinement' requires such a restraint on the defendant's freedom of movement that he cannot leave official custody of his own volition." *State v. Blankenship*, 192 Ohio App.3d 639, 2011-Ohio-1601, ¶ 14 (10th Dist.).

{¶14} However, based on the record before us, we do not find that the trial court committed plain error by not granting Mazur jail-time credit for the time spent in the V.O.A. program. "Under Ohio law there is no statutory requirement that provides that trial courts credit time spent in a rehabilitation facility against any sentence originally imposed." *State v. Osborn*, 3d Dist. Marion No. 9-05-35, 2006-Ohio-1890, ¶ 19, citing *State v. Nagle*, 23 Ohio St.3d 185 (1986). "[T]he trial court "'must review the nature of the program to determine whether the restrictions on the participants are so stringent as to constitute "confinement" as contemplated by the legislature.'"" *Id.* at ¶ 21, quoting *State v. Crumpton*, 8th Dist. Cuyahoga No. 82502, 2003-Ohio-7063, ¶ 9, citing *State v. Barkus*, 5th Dist. Richland No. 2002 CA 0052, 2003-Ohio-1757.

{¶15} As Mazur acknowledges in his appellate brief, the information contained in the record relating to the nature of the V.O.A. treatment program is "scant." However, at the August 18, 2022 hearing, the trial court did address the nature of the V.O.A. program and specified that it is "not a lockdown facility."

(Aug. 18, 2022 Tr. at 14). Neither the defendant nor his trial counsel lodged an objection to this characterization of the program. Furthermore, Mazur is not necessarily foreclosed from making an argument at a later date that the trial court miscalculated the number of days of jail-time credit to which he is entitled. Specifically, R.C. 2929.19(B)(2)(g)(iii) provides:

> The sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination under [R.C. 2929.19(B)(2)(g)(i)]. The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under [R.C. 2929.19(B)(2)(g)(i)], and the court may in its discretion grant or deny that motion.

Thus, under these circumstances, we do not find the trial court committed plain error. *See Osborn* at ¶ 23.

{¶16} Mazur's first assignment of error is overruled.

*Imposition of Prison Sentence*

{¶17} In his second assignment of error, Mazur argues the trial court erred by reimposing the entire original sentence.

{¶18} R.C. 2929.20, which governs judicial release, provides in pertinent part:

> If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender * * *, shall place the eligible offender under an appropriate community control sanction, under appropriate conditions, and under the supervision of the department of probation serving the court and shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction.

-8-

R.C. 2929.20(K). Accordingly, an offender, like Mazur, who has been granted judicial release """"has already served a period of incarceration, and *the remainder of that prison sentence is suspended* pending either the successful completion of a period of community control or the [offender's] violation of a community control sanction."""" (Emphasis sic.) *State v. Foust*, 3d Dist. Crawford No. 3-21-27, 2022-Ohio-3187, ¶ 9, quoting *State v. Davis*, 3d Dist. Defiance No. 4-21-03, 2021-Ohio-3790, ¶ 5, quoting *State v. Alexander*, 3d Dist. Union No. 14-07-45, 2008-Ohio-1485, ¶ 7. "While out on judicial release, if 'an offender violates his community control requirements, the trial court may reimpose the original prison sentence and require the offender to serve the balance remaining on the original term.'" *State v. Phipps*, 3d Dist. Crawford No. 3-20-07, 2021-Ohio-258, ¶ 22, quoting *State v. Mann*, 3d Dist. Crawford No. 3-03-42, 2004-Ohio-4703, ¶ 8.

{¶19} However, at the August 18, 2022 hearing revoking Mazur's judicial release, the trial court stated it was "going to reimpose the four year prison sentence in this particular case." (Aug. 18, 2022 Tr. at 14). The trial court clarified that Mazur "will get 131 days of credit for jail" and stated that "obviously all the time [Mazur served in prison] will go towards [the sentence] also." (*Id.*). The attendant judgment entry states that the trial court "terminates judicial release community control and sentences the Defendant to 4 years in prison on Count 1, with jail time credit * * * in the amount of 131 days[.]" (Doc. No. 38). Accordingly, the record

indicates the trial court imposed the entire four-year prison term rather than the balance of the prison term as required by R.C. 2929.20(K).

**{¶20}** As this court recently held in *State v. Foust*, "it is our view that requiring the trial court to reimpose only the balance of the previously imposed prison sentence, as opposed to reimposing the entire original sentence and then purporting to deduct credit for both prior 'prison time' served as well as prior 'jail time' served * * * is more consistent with the language of R.C. 2929.20(K)." *Foust* at ¶ 11. *See State v. Locker*, 3d Dist. Crawford No. 3-22-31, 2023-Ohio-2533, ¶ 19-20. Additionally, requiring the trial court to reimpose only the remaining prison term is more consistent with the trial court's March 9, 2018 judgment entry granting Mazur judicial release.

**{¶21}** Accordingly, Mazur's second assignment of error is sustained.

*Conclusion*

**{¶22}** Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the Crawford County Court of Common Pleas. We remand this cause to the trial court for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**WALDICK and ZIMMERMAN, J.J., concur.**

**/jlr**

-10-